# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11 CR 299 |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| ANTHONY MONEYHAM, | ) | |
| | ) | |
| Defendant. | ) | MAY 4, 2011 |

## PROTECTIVE ORDER

Upon the unopposed motion of the United States for a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1), it is hereby ordered that:

1. All Title III applications, affidavits, and orders produced by the government in connection with this case, and all other investigative materials and reports disclosed by the government in original or redacted form, may be utilized by the charged defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and their contents, and any notes, records or copies of any kind that defense counsel or the charged defendant may make relating to the contents of materials provided by the government shall not be disclosed either directly or indirectly, verbally or in writing, to any person or entity other than the charged defendant, his counsel, such other persons as are reasonably employed by them as may be necessary to prepare a defense, or such other persons as to whom the court may authorize disclosure. These restrictions do no apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other

materials that have been received in evidence at public hearings or proceedings, or documents or materials that are otherwise in the public domain.

2. All materials provided by the government may be utilized by the charged defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons assisting in the defense, persons who are interviewed or consulted during the course of the investigation of this case or such other persons as to whom the court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendant may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant's counsel, and persons employed to assist the defense, or such other person as to whom the court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this order.

3. The materials shall not be copied or reproduced except so as to provide copies of the material for the use by each defense lawyer and the charged defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

4. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

5.  Defense counsel shall advise his client of the contents of this order without delay. Intentional violation of this order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions.  However, nothing contained in this protective order shall preclude any party from applying to the court for further relief or for modification of any provision hereof.

                 **ENTER:**

                 _____
                 **YOUNG B. KIM**
                 **United States Magistrate Judge**